ORIGINAL

FILED
DEC 3 1 2003
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 03-2874T

THE BEAR STEARNS COMPANIES INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

COMPLAINT

To the Honorable Judges of the United States Court of Federal Claims:

Plaintiff, The Bear Stearns Companies Inc. (hereinafter referred to as "Bear Stearns"), brings this action and respectfully shows to this Honorable Court and alleges:

IDENTITY OF THE PARTIES

1. Bear Stearns is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices located at 383 Madison Avenue, New York, New York 10179, and its business address located at One Metrotech North, 9th Floor, Brooklyn, New York 11201.

2. Bear Stearns's employer identification number is 13-3286161.

3. Bear Stearns is an accrual basis taxpayer, and files Form 1120 federal income tax returns and Form 945 withheld federal income tax returns.

4. Defendant is the United States of America.

## JURISDICTION

5. This is an action arising under the laws of the United States for the recovery of statutory interest under section 6611 of the Internal Revenue Code owed by defendant to Bear Stearns.

6. This Court has jurisdiction pursuant to section 1491 of Title 28 of the United States Code, Act of June 25, 1948, c. 646, 62 Stat. 869, 940, as amended.

## INTEREST DUE BEAR STEARNS

7. Bear Stearns brings this action to recover statutory interest which is owed by defendant to Bear Stearns in the amount of $506,566 as of August 31, 2003, plus additional interest allowable for subsequent time periods.

8. The Internal Revenue Service (hereinafter referred to as the "IRS") previously assessed, and Bear Stearns paid, Form 1120 underpayments, plus underpayment interest, for the taxable periods ended June 30, 1991, June 30, 1993, June 30, 1994, June 30, 1995, and June 30, 1996, and Form 945 underpayments, plus underpayment interest, for the taxable period ending December 31, 2002.

9. The IRS previously determined, and paid to Bear Stearns, Form 1120 overpayments, plus overpayment interest, for the taxable periods ended April 30, 1986, April 30, 1987, June 30, 1989, June 30, 1990, June 30, 1991, June 30, 1994, June 30, 1995, and June 30, 1996, and Form 945 overpayments, plus overpayment interest, for the taxable periods ended December 31, 1996, December 31, 1997, December 31, 1998, and December 31, 1999.

10. With respect to the tax overpayments described in paragraph 9, *supra*, the IRS paid to Bear Stearns interest at Internal Revenue Code overpayment interest rates. With respect to the tax underpayments described in paragraph 8, *supra*, the IRS charged Bear Sterns interest at higher underpayment interest rates during concurrent periods of time.

11. In calculating the statutory interest allowable on the overpayments described in paragraph 9, *supra*, the IRS did not take into account that there existed periods of time during which there were overlapping tax overpayments and tax underpayments.

12. The IRS's calculations of statutory interest described in paragraph 11, *supra*, do not reflect the fact that, under the global interest netting provisions of section 6621(d) of the Internal Revenue Code, during periods of overlapping tax overpayments and tax underpayments the net interest rate should be zero.

13. With respect to the overpayments described in paragraph 9, *supra*, the IRS is required to apply the net interest rate of zero by increasing the statutory interest allowable to Bear Stearns.

14. In Revenue Procedure 2000-26, 2000-1 C.B. 1257, § 4.01, the IRS recognized that "there may be instances when the Service fails to identify periods of overlap and apply the net interest rate of zero. To ensure that taxpayers receive the benefit of the net interest rate of zero in all applicable situations, taxpayers should request the net interest rate of zero . . .."

15. Revenue Procedure 2000-26, 2000-1 C.B. 1257, § 4.01, provides that requests for application of the net interest rate of zero should be made according to procedures specified by the IRS, and that such requests should be made on or before the date on which the last applicable period of limitation closes.

16. On December 15, 2003, in accordance with the procedures specified by the IRS, Bear Stearns filed a claim with the Internal Revenue Service Center located at Ogden, Utah, with respect to the overpayments described in paragraph 9, *supra*, seeking to recover the interest differential between the overpayment rate of interest and the underpayment rate of interest to effectuate the zero net interest rate during periods of overlapping tax overpayments and tax underpayments, as described in the preceding paragraphs.

17. Revenue Procedure 2000-26, 2000-1 C.B. 1257, § 4.02(2), specifies that a "claim for payment of additional interest allowable on an overpayment pursuant to § 6611 must be filed within the 6-year period in which a suit must be filed pursuant to 28 U.S.C. §§ 2401 and 2501."

18. The claim described in paragraph 16, *supra,* was timely filed within the six-year statute of limitations which is applicable to actions to recover claims against the United States. 28 U.S.C. §§ 2401 and 2501.

19. In Revenue Procedure 2000-26, 2000-1 C.B. 1257, § 2.04(4), the IRS recognized that Congress intended that the IRS "promptly and carefully consider any taxpayer's request to have interest charges recalculated in accordance with § 6621(d)."

20. As of the date of the filing of this complaint, the IRS had not yet acted on the claim described in paragraph 16, *supra.*

21. Revenue Procedure 2000-26, 2000-1 C.B. 1257, § 2.04(4), provides that a "taxpayer's request for application of the net interest rate of zero . . . does not protect the taxpayer's rights with respect to suits against the government pursuant to 28 U.S.C. §§ 2401 and 2501. The only manner in which a taxpayer can fully protect its rights to additional overpayment interest is by filing a civil suit against the United States prior to the termination of the 6-year statutory period set forth in 28 U.S.C. §§ 2401 and 2501."

22. The six-year statute of limitations period applicable to Bear Stearns's claim for additional allowable interest terminates on January 5, 2004.

23. Given the impending termination of the six-year statutory period set forth in 28 U.S.C. §§ 2401 and 2501, Bear Stearns filed this action in order to fully protect its rights to additional overpayment interest, as described in Revenue Procedure 2000-26, 2000-1 C.B. 1257, § 2.04(4).

24. This action is timely filed under 28 U.S.C. 1491 within the six-year statute of limitations which is applicable to actions to recover claims against the United States. 28 U.S.C. §§ 2401 and 2501.

25. As of August 31, 2003, the amount of statutory interest thereon that defendant owed to Bear Stearns was $506,566. The amount of statutory interest owed to Bear Stearns has increased and continues to increase with the passage of time.

26. Bear Stearns is entitled to recover from defendant the amount of statutory interest described in paragraph 25, *supra*.

27. Although payment thereof has been demanded, no part of the amount described in paragraph 25, *supra,* has been credited, remitted, refunded, or repaid to Bear Stearns or to anyone on its account.

28. Bear Stearns has made no transfer or assignment of the claims for relief herein presented or any part thereof and is the sole and absolute owner of the claims. No action on these claims has been taken by the Congress of the United States or by any of the departments of the Government, other than the action by the Commissioner hereinbefore described. No other suit or process by Bear Stearns is pending on such claims in any other court.

WHEREFORE, Bear Stearns prays for:

(1) Judgment in its favor on its claim for relief against defendant, the United States, in the amount of $506,566 as of August 31, 2003, or such other amount as this Honorable Court may determine to be legally allowable, plus additional statutory interest thereon attributable to periods after August 31, 2003, as provided by law; and

(2) Bear Stearns's costs of this action, and for such other relief as may to this Honorable Court seem just and proper.

Respectfully submitted,

J. WALKER JOHNSON
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-6225 (Voice)
(202) 429-3902 (Facsimile)

Attorney for Plaintiff

Dated: December 31, 2003